UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA         JS - 6

### CIVIL MINUTES - GENERAL

Case No. EDCV 10-540 DOC (OPx)                                        Date: May 21, 2010

Title: Deutsche Bank National Trust Company v. Richard Casiano and Lynette Casiano

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                        Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Stephanie Mikhail                                         Not Present
   Courtroom Clerk                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

   NONE PRESENT                                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS): REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT

Before the Court is the Order to Show Cause Why this Case Should Not Be Remanded, raised *sua sponte* by the Court.

On April 26, 2010, the Court held a hearing in both this case, which had been recently transferred to this Court as a related case, and Case No. EDV 09-2124 DOC (Opx), in which Defendants Richard Casiano, Sr. and Lynette Casiano are the plaintiffs. Among other things, as a result of that hearing, the Court issued an Order to Show Cause on April 26, 2010, observing that it did not appear the Court had jurisdiction over this action. Defendants filed a response to the order to show cause on May 7, 2010. The Court finds that the matter is appropriate for decision without oral argument. FED. R. CIV. P. 78; Local Rule 7-15. After considering the opposition to the Order to Show Cause, the Court hereby REMANDS this action to Riverside County Superior Court.

This action was originally filed by Deutsche Bank National Trust Company in the Riverside County Superior Court on August 18, 2009, Case No. RIU 014727. The case asserts one

cause of action for post-foreclosure eviction against Richard and Lynette Casiano for continuing to reside at the residence located at 1251 Rock Springs Avenue, Norco, CA 92860. The Casianos previously attempted to remove this action on one other occasion, which the Court remanded for lack of jurisdiction in Case No. EDCV 09-2194 DOC (Opx). *See* Order Granting Motion to Remand and Request for Attorneys Fees and Costs, Dkt. 16.

Defendants' opposition does not cure the concerns the Court has regarding the lack of jurisdiction. Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Court does not have diversity jurisdiction under 28 U.S.C. § 1331, through diversity of citizenship of the parties. Plaintiffs do not assert that there is diversity with the current parties. Instead, Plaintiffs advance a theory that the wrong Plaintiff has sued them because that Plaintiff does not hold the note. Few courts have addressed the application of the fraudulent joinder rule to allegedly improper plaintiffs. *See Lighting Science Group Corp. v. Koninklijke Philips Electronics*, 624 F. Supp. 2d 1174 (E.D. Cal. 2008). Regardless, fraudulent joinder in its very nature applies to the assertion that one of *multiple* parties were improperly joined because of their citizenship. Here, the Casianos' claim is really that Deutsche Bank does not have standing to pursue the unlawful detainer action. This is a theory which could adequately be addressed in state court by seeking to dismiss the claims. It does not create federal jurisdiction.

The Court also does not have federal question jurisdiction under 28 U.S.C. § 1332. The Casianos assert that Deutsche Bank and Deutsche Bank's attorneys have violated, *inter alia*, their Fifth and Seventh Amendment rights and have committed violations of 15 U.S.C. § 1652, 18 U.S.C. § 1512, and 18 U.S.C. § 241. This counterclaim by the defendants does not serve as the basis for "arising under" jurisidiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

The Notice of Removal also refers to a possible claim that the removal is based upon 28 U.S.C. §§ 1443(1) because Defendants state that the "Statute for Removal does not apply when Fraud is being perpetrated on the court. Plaintiff needs to answer to ILLEGAL FORECLOSURE SALE AND TRUSTEE SALE. Breach of Contract took place and has to be addressed in court." Notice of Removal at ¶ 2. It appears that Defendants are referring to fraud by Plaintiff, but out of caution, the Court addresses a 28 U.S.C. § 1443(1) claim based upon the complaint that a state law is fraudulent. Section 1443's applicability is limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct.

1800 (1966) (internal quotations omitted).  Under Section 1443(1), removal is proper in cases involving a "right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  A defendant seeking removal under section 1443(1) must allege the existence of a "state statute or constitutional provision that purports to command the state courts to ignore federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006) (remanding upon removing defendants' failure to "point to [a] formal expression of state law that prohibits them from enforcing their civil rights in state court [or] point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings.").  Alternatively, the defendant may, in an "unusual case," assert "an equivalent basis . . . for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotations and citations omitted).  The rights that are being denied must be under a federal law providing for civil rights *in terms of racial equity. Id.* at 219.  Defendants have failed to meet this standard.

Therefore, the Court finds that it lacks jurisdiction to hear this action.

### IV.    DISPOSITION

For the foregoing reasons, this action is REMANDED to Riverside Superior Court.

The Clerk shall serve this minute order on all parties to the action.